IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALTHEDA E. FRANKLIN and NYICO R. JENKINS, | : : : |
| Plaintiffs, | : : |
| VS. | : : |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : 5 : 10-CV-166 (MTT) : : |
| Defendant. | : : |

**RECOMMENDATION**

Plaintiffs Altheda E. Franklin and Nyico R. Jenkins filed this Social Security appeal on April 23, 2010, challenging the Commissioner's final decision denying their application for retroactive Child Insurance Benefits under Title II of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the

conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).  In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

On August 27, 1993, Plaintiff Altheda Franklin filed an application for Child Insurance Benefits ("CIB") on behalf of her son, Plaintiff Nyico R. Jenkins, on the earnings record of Willie Lee Braswell. (T - 41, 166-169).  This application was denied initially and upon reconsideration.  (T- 217-221, 264-265).  A hearing was held before an ALJ, and in a decision dated June 13, 1995, the ALJ determined that Plaintiff Jenkins had not sufficiently established that he was a "child" of the deceased Insured wage earner as defined in the Social Security Act and denied the application for benefits.  (T- 253-262).   The Appeals Council subsequently denied review and the Plaintiffs did not seek further judicial review of this 1993 application.  (T- 264-268).

Plaintiff Altheda Franklin filed the current CIB application on Plaintiff Nyico Jenkins' behalf on May 27, 2005, submitting results of genetic/DNA testing to establish that the Insured was Jenkins' biological father.  (T - 41, 67, 69).  Based on this evidence, the Administration issued a Notice of Award finding that Jenkins was entitled to CIB beginning in July 2005.  (T - 275).

Plaintiffs requested reconsideration of this decision and alleged that Jenkins should be awarded benefits back to his original application date of August 27, 1993. (T - 279). The Administration granted the request for reconsideration and issued a revised decision, finding that Jenkins was entitled to CIB as of November 2004. (T - 287-294). Plaintiffs requested a hearing before an ALJ, which was held in April 2007. (T- 297, 317-333). In a decision dated August 27, 2007, the ALJ found that principles of res judicata prohibited the reopening of the August 1993 application and that the start date of benefits remained November 2004. (T - 38-48).

The Appeals Council granted Plaintiffs' request for review of the ALJ's decision, and in a decision dated February 26, 2010, found that the ALJ improperly applied the doctrine of res judicata. (T - 11-15). However, the Appeals Council determined that Jenkins' 1993 application was not subject to reopening because it had become administratively final. (T - 15).

*Statement of Facts and Evidence*

Plaintiff Jenkins was twenty (20) years of age at the time of the Appeals Council's February 2010 decision. Evidence submitted in support of Jenkins' 1993 application showed that the Insured Willie Lee Braswell was married to a woman other than Plaintiff Franklin at the time of Jenkins' conception and birth and was not listed on Jenkins' birth certificate as his father, although the Insured had orally acknowledged Jenkins as his son. The Insured died in August 1993 while incarcerated. The 1993 application for CIB was denied on the basis that Jenkins did not meet the relationship requirements contained within the Social Security Regulations. Although the Administration eventually granted Plaintiff's application for CIB, the Plaintiffs contend that Jenkins is entitled to an award of benefits as of the date of the 1993 application, based either on a de facto reopening of the 1993 application by the Commissioner or a permissive reopening of the 1993

application granted by the Court.

## DISCUSSION

The Plaintiffs raise two arguments herein:  1) that subsequent decisions of the Commissioner effected a de facto reopening of the 1993 application, and 2) that errors on the face of earlier decisions merit a reopening of the 1993 application by this Court.

*De facto reopening*

In *Califano v. Sanders,* 430 U.S. 99 (1977), the Supreme Court held that, absent a colorable constitutional claim, the Commissioner's decision not to reopen a claim for benefits is not subject to judicial review.  Once the Commissioner reopens a prior claim, either expressly or by considering the merits of the claim, judicial review is available.  *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985).

"Generally, a final decision by the [Commissioner] will be deemed reopened if it is 'reconsidered on the merits to any extent and at any administrative level'.  The ALJ, however, must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case".  *Passapulos v. Sullivan*, 976 F.2d 642, 645 (11th Cir. 1992).  "While Eleventh Circuit opinions have used broad language stating that jurisdiction exists if a case is 'reconsidered on the merits to any extent', this exception to the rule set forth in *Califano* has not been applied broadly."  *Johns v. Apfel*, 2000 WL 33287443 *2 (M.D.Ala.).

In his August 2007 decision, the ALJ concluded that

> no good cause or legal basis exists to reopen and revise the [August 1993] prior hearing decision relating to the previously filed claim.  In addition, any references to the issues covered by the prior hearing decision are for historical and background purposes only.

(T - 42).

4

The ALJ reviewed the code sections by which a claimant may have a prior decision reopened, and examined the decisions associated with the 1993 application for error. (T - 41- 47). Finding that the claimant had not established a basis for reopening the 1993 application, the ALJ determined that the final decision in that application was binding. (T - 47-48).

The Appeals Council, in its February 2010 decision, reviewed the ALJ's August 2007 decision and specifically noted that the ALJ's "discussion and evaluation concerning reopening clearly shows that there was no regulatory basis that would allow him to reopen the prior determination." (T - 12).

Upon an examination of the decisions of the ALJ and the Appeals Council herein, it is clear that neither the ALJ in his August 2007 decision nor the Appeals Council in its February 2010 decision expressly or implicitly reopened the Plaintiff's 1993 application. "[W]hen a social security claimant presents any claim that is arguably the same one earlier denied on the merits, the [Commissioner] must in fairness look far enough into the proffered factual and legal support to determine whether it is the same claim, and if so, whether it should nevertheless be reopened as a discretionary matter." *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985) (quoting *McGowan v. Harris*, 666 F.2d 60, 65 (4th Cir. 1981)). "[A]n ALJ does not reopen a prior final decision when the ALJ evaluates evidence presented in support of the original application solely to make a reasoned determination of its *res judicata* effect on the second application." *Passapulos*, 976 F.2d at 646. Herein, this is precisely the extent of the ALJ's determination, as he concluded that *res judicata* prevented the reopening of the Plaintiffs' 1993 application. (T - 43, 47). The Appeals Council, while finding that the doctrine of *res judicata* did not apply to the circumstances of this

case, found that the 1995 hearing decision on the 1993 application was administratively final.  (T - 15).  In doing so, the Appeals Council reviewed the ALJ's decision and affirmed the conclusion that Plaintiff Jenkins was not entitled to child's insurance benefits prior to November 2004.  (T - 13).  "The Commissioner's regulations clearly contemplate that an ALJ may consider, to some extent, the evidence presented in a previous application without reopening that previous application."  *Johns*, 2000 WL 33287443 *3.

*Errors on the face*

The Plaintiffs also maintain that the 1993 application should be reopened pursuant to 20 C.F.R. § 404.988(c)(8), based on plain errors on the face of the ALJ's decision.  Pursuant to 20 C.F.R. § 404.988(c)(8), "[a] determination, revised determination, decision, or revised decision  may be reopened . . . [a]t any time if . . . [i]t is wholly or partially  unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decisions was made".

Plaintiffs assert that the 1995 decision of the ALJ, denying the 1993 application for benefits, reveals errors on the face of the evidence and should therefore be reopened pursuant to 20 C.F.R. § 404.988(c)(8).  Specifically, Plaintiffs maintain that the ALJ failed to "appropriately apply the applicable state law to a child born out of wedlock" and "improperly imposed an additional burden on Ms. Franklin to prove Nyico's dependence on Mr. Braswell for daily support."  (Doc. 12, pp. 14, 15).  Plaintiffs maintain that the Commissioner never should have reached the issue of dependency, as Plaintiff Jenkins qualified as the Insured's child under the intestacy laws of the State of Georgia.  *Id.* at p. 18.

As set out by the Commissioner, Social Security regulations provide three methods for a child

claiming benefits on the basis of a deceased parent's wage earner status to prove his status as a child of the Insured.  First, pursuant to 42 U.S.C. § 416(h)(2)(A), the relevant state law regarding the devolution of intestate personal property can govern whether an applicant is considered a "child" of the Insured.  Second, pursuant to § 416(h)(2)(B), a biological child of a technically invalid marriage is deemed the "child" of the Insured if the parental relationship met certain requirements.  Third, an applicant is deemed to be child of the Insured if the Insured: 1) acknowledged in writing that the applicant is his or her child; 2) has been decreed by a court to be the mother or father of the applicant; 3) has been ordered by a court to contribute to the support of the applicant because the applicant is his or her child; or 4) "such insured individual is shown by evidence satisfactory to the Commissioner . . . to be the mother or father of the applicant and was living with or contributing to the support of the applicant at the time such applicant's application for benefits was filed".  42 U.S.C. § 416(h)(3).  Social Security regulations appearing at 20 C.F.R. § 404.355 reflect these definitions and standards of determining an applicant's status.

In denying the Plaintiffs' 1993 claim, the ALJ found that Plaintiff Jenkins did not qualify as the Insured's child under the relevant Georgia laws of intestacy, and further did not qualify as the Insured's child under the remaining definitions set out in the regulations.  (T - 257-261).   The ALJ examined the Plaintiffs' claim under the Georgia intestacy laws and determined that Plaintiff Jenkins did not qualify as the Insured's child thereunder, as the ALJ found that the evidence did not establish that the Insured exhibited an intent for Jenkins to share in his estate as if he was legitimate.[1]  (T -

---

[1] Pursuant to the Georgia law in place at the time of the ALJ's 1995 decision, an illegitimate child had no inheritance rights from his father unless, during the father's lifetime, a court of competent jurisdiction either declared the child legitimate or otherwise established who the father of the child was; the father executed a sworn statement attesting to the parent-child relationship or signed the child's birth certificate; or clear and convincing evidence showed that the child was the child of the father and that the father intended for the child to share in the father's intestate estate as he would have if

261).  In finding that Plaintiff Jenkins was not the Insured's child as defined in the regulations, the ALJ found that the Insured was not living with or contributing to Jenkins' support at the time of his death.  (T - 257-260).

A review of the 1995 ALJ decision does not reveal clear error on the face of the evidence. "An error on the face of the evidence does not encompass a disputed issue of fact since, almost as a matter of definition, when facts are in dispute no single answer is evidence."  *Huff v. Barnhart*, 126 Fed.Appx. 85, 87 (4th Cir. 2005).  The Program Operations Manual System of the Social Security Administration provides that an "error on the face of the evidence exists where, on the basis of all the evidence in the file on which the determination of decision was based and any evidence of record anywhere in SSA at the time such determination or decision was made, it is clear that the determination or decision was incorrect."  *Coates on Behalf of Coates v. Bowen*, 875 F.2d  97, 101 (7th Cir. 1989) (quoting *Program Operations Manual System (POMS)* 04010.080).  The ALJ's 1995 decision does not reveal anything more than different conclusions than those argued by the Plaintiffs, and does not reveal any clear error in the ALJ's consideration of the evidence or law. Therefore, Plaintiffs' argument for reopening of the 1993 application based on clear error must fail.

To the extent that the Plaintiffs argue that good cause exists to reopen the 1993 application pursuant to § 404.988(b), this provision specifically applies only if such good cause is advanced "[w]ithin four years of the date of the notice of the initial determination".  The notice of the initial determination of Plaintiffs' 1993 application was issued on September 23, 1993, more than four years prior to the filing of the current 2005 application under consideration.  Therefore, § 404.988(b)

---

legitimate.  *See Moore v. Mack*, 598 S.E.2d 525, 529, 266 Ga.App. 847 (2004) (quoting O.C.G.A. § 53-4-4(c)(1) (1991)).

will not permit the reopening of the 1993 application.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Marc T. Treadwell, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 29th day of August, 2011.

s/ ***THOMAS Q. LANGSTAFF***
**UNITED STATES MAGISTRATE JUDGE**